NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0310n.06
Filed: April 28, 2009

No. 08-1941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KIRSTEN KULIK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MEDICAL IMAGING RESOURCES, INC.; JOHN | ) | |
| VARTANIAN; DEAN TANGALAKIS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: DAUGHTREY, ROGERS, and KETHLEDGE, Circuit Judges.

**ROGERS, Circuit Judge.** Plaintiff Kirsten Kulik appeals the district court's grant of summary judgment in favor of defendants Medical Imaging Resources, Inc. ("MIR") and its principals, John Vartanian and Dean Tangalakis. Kulik brought this suit claiming gender and pregnancy discrimination under Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and wage discrimination under the Equal Pay Act ("EPA"). After reviewing the record, the parties' briefs, and the applicable law, and hearing oral argument, this court determines that no jurisprudential purpose would be served by a panel opinion. Therefore, we affirm the district court's decision for the reasons stated in Judge Friedman's June 12, 2008, opinion and order, with the following exceptions.

In granting summary judgment in favor of defendants on Kulik's Title VII and ELCRA claims, the district court found that Kulik failed to make out a prima facie case of discrimination and that she failed to show that defendants' legitimate, nondiscriminatory reasons for her termination were a pretext for illegal discrimination. We do not conclude as part of the prima facie analysis, however, that Kulik was not qualified for her position.

The district court's Title VII and ELCRA prima facie analysis arguably conflated the stages of the familiar *McDonnell Douglas* test by relying on defendants' non-discriminatory reasons for discharging Kulik as grounds for finding her not qualified for the position at the prima facie stage. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-61 (6th Cir. 2000). Instead, we consider Kulik's objective qualifications, such as her education, experience in the relevant industry, and possession of the general skills required for this position. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc). An evaluation of the *Wexler* criteria reveals elements that work for and against Kulik. At the prima facie stage, however, Kulik appears to have presented enough evidence to show that she was qualified for her position. "The prima facie requirement for making a Title VII claim 'is not onerous,' and poses 'a burden easily met.'" *Cline*, 206 F.3d at 660 (*quoting Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Nonetheless, because the district court correctly found that Kulik had not presented evidence creating a genuine issue as to pretext, summary judgment was warranted.

AFFIRMED.